IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID OPPEDAHL,

    Plaintiff,

v.

R. L. JAVATE, M.D., et al.,

    Defendants.

No. C 11-2878 SBA (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, a former state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983. He has also filed an in forma pauperis (IFP) application.

    On September 22, 2011, mail directed to Plaintiff by the Court was returned to the Clerk of the Court with a notation that the "reason item is being returned" was because Plaintiff had been "paroled." To date, Plaintiff has not updated his address with the Court or submitted any further pleadings in this case.

    Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b).

    More than sixty days have passed since the mail directed to Plaintiff by the Court was returned as undeliverable. The Court has not received a notice from Plaintiff of a new address. Accordingly, the complaint is DISMISSED without prejudice pursuant to Rule 3-11 of the Northern District Local Rules. However, the Court must rule on all prisoner IFP applications prior to dismissing actions filed by pro se prisoners. The Court notes that Plaintiff's IFP application is still pending and has not yet been reviewed by this Court. As mentioned above, Plaintiff is now a parolee; therefore, he is no longer a "prisoner" within the meaning of 28 U.S.C. § 1915. See Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000). Thus, the provisions of section 1915 do not apply to

him. However, even non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination of whether they are indigent and thus entitled to proceed IFP. Due the above-mentioned circumstances, Plaintiff's whereabouts are unknown; therefore, he cannot be ordered to file a complete IFP application on the Court's form for non-prisoner litigants. Accordingly, Plaintiff's IFP application (docket no. 5) is DENIED as incomplete.

The Court has rendered its final decision on this matter, therefore, this Order TERMINATES Plaintiff's case. This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: 12/12/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

1 UNITED STATES DISTRICT COURT

2 FOR THE

3 NORTHERN DISTRICT OF CALIFORNIA

4

5

6 IN RE DAVID OPPEDAHL,  Case Number: CV11-02878 SBA

7       Plaintiff, **CERTIFICATE OF SERVICE**

8 v.

9 IN RE DAVID OPPEDAHL et al,

10       Defendant.

11

12 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13 That on December 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Oppedahl AF9690
Correctional Training Facility
P.O. Box 689
X-Wing 101L
Soledad, CA 93960

Dated: December 13, 2011

                                         Richard W. Wieking, Clerk
                                         By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California